BOB SCROGGINS V. THE STATE.

No. 19237.   Delivered December 15, 1937.

The opinion states the case.

*McCartney, McCartney & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor in a dry area; the punishment, a fine of $150.

Two inspectors of the Liquor Control Board testified that on the 14th of August, 1936, they went into appellant's restaurant in the City of Brownwood and bought some beer from him. Appellant did not testify, and introduced no witnesses.

Appellant's contention that the inspectors were accomplice witnesses cannot be sustained. Under similar circumstances, it was held in Stevens vs. State, Opinion No. 18,823 (page 333 of this volume), delivered October 13, 1937, that the inspectors of the Liquor Control Board were not accomplice witnesses. Motion for rehearing in Stevens' Case was overruled December 8, 1937.

It is shown in bill of exception No. 6 that on direct examination the county attorney asked J. D. Pelphrey, one of the inspectors, whether he had bought beer from appellant in his restaurant on occasions other than the 14th of August, 1936. Appellant's objection was sustained, the witness was not allowed to answer the question, and the court admonished the county attorney to refrain from asking the question. Nevertheless, he persisted in propounding the same question to the witness until it had been asked three times, with objection being sustained in each instance. The question was not answered. Therefore R. H. Looney, another inspector, was asked on his direct examination if he had been in appellant's place of business prior to the 14th of August, 1936, and appellant's objection being sustained, the court admonished the county attorney that he would not permit further inquiry concerning the matter. Notwithstanding the ruling of the court, the county attorney then asked the witness if he had bought beer from appellant on occasions other than the 14th of August, 1936. Although appellant promptly objected, the witness an-

swered in the affirmative. The trial judge adhered to the ruling he had theretofore made, and promptly instructed the jury to disregard the question and answer for any purpose.

On the theory that the questions and the testimony eventually elicited from the witness Looney were obviously of a prejudicial nature and that their effect could not be withdrawn by an instruction to the jury, appellant saved his exception. He now insists that harmful error is presented. It has been observed that there was no denial by any witness that appellant sold beer to the inspectors on the 14th of August, 1936. The case is not one in which it was charged that the beer was possessed for the purpose of sale. Intent was not an issue. Moreover, such testimony was not admissible under any of the exceptions to the rule excluding proof of extraneous offenses. See Todd v. State, 275 S. W., 1013. It is true that the trial judge, on five separate occasions, responded to appellant's objections and advised the jury to disregard the questions and the answer finally elicited from the witness Looney. Nevertheless, we are of opinion that the procedure followed by the county attorney carried to the jury testimony of such prejudicial character as that its effect could not be withdrawn by the instruction of the court to disregard it. Ballard v. State, 262 S. W., 85; House v. State, 94 S. W. (2d) 1159; Dailey v. State, 291 S. W., 242. In view of the fact that more than the minimum penalty was assessed, we are constrained to hold that the bill of exception reflects reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.