## CEASER WATSON V. STATE

No. 28,989. May 1, 1957.

*Clyde W. Woody* and *David C. Middleton,* Houston, (On Appeal) for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Morgan W. Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 5 years.

Officer Carnes of the narcotics division of the Houston police testified that he went to the residence where the appellant lived on the day in question in company with other officers armed

with a search warrant. He stated that during the search he found a cigarette which was proven to contain marijuana in the pocket of a coat hanging in the appellant's bedroom. The appellant and several women were at home at the time of the search. He stated that the appellant admitted ownership of the coat but denied ownership of the cigarette.

Marie Dawson, testifying for the appellant, her brother-in-law, stated that she, her family, her cousin, and the appellant lived in the house in question; that the appellant had not been out of the house on the day in question prior to the arrival of the officers; that one Floyd Rubin had come to visit the appellant and had passed through the appellant's bedroom but had not waited to see the appellant, who was taking a bath at the time.

The witness, Henderson, former sister-in-law of the witness Dawson corroborated her testimony and described appellant's bedroom as a former dining room through which occupants and visitors passed in order to reach other parts of the house.

The appellant, testifying in his own behalf, stated that he had been ill on the day in question and had not been out of the house, admitted that he owned the blue suit in the coat of which the officers found the cigarette, but denied that he had worn it that day and denied any knowledge of the presence of the marijuana cigarette in the pocket. He denied that he had seen Floyd Rubin on the day in question.

Officers Gray and Stringfellow testified, in rebuttal, that on the day in question and several hours prior to the raid they had seen the appellant dressed in a blue suit meet Floyd Rubin in an alley near the house in question.

We overrule the appellant's contention that the evidence is insufficient to overcome the hypothesis that the cigarette found in the appellant's coat might have been placed there by someone other than the appellant.

The only claimed error of any importance arose through the following question and answer of the witness Gray on rebuttal:

"Q. What did you see occurr there when you saw the defendant and Rubin together? A. This Ceaser Watson handed Rubin some of these small cigarettes about that size."

The general objection was sustained by the cautious trial judge, and the jury were instructed not to consider the answer. However, the appellant moved for a mistrial and now claims that the answer constituted proof of an extraneous offense and calls for a reversal of this conviction. Reliance is had, among other cases, on Roberts v. State, (page 260 this volume), 298 S.W. 2d 599, and Scroggins v. State, 133 Texas Cr. Rep. 378, 111 S.W. 2d 273.

In Roberts, a driving while intoxicated case, the appellant was asked on cross-examination if he had not plead guilty to being drunk "on this last Saturday night." We held the evidence sought to be elicited by the question was inadmissible for any purpose and was not authorized by the appellant's examination in chief.

In Scroggins, a case involving the sale of beer, the state's witnesses were asked repeatedly if they had bought beer from appellant on other occasions not connected in time with the offense for which the accused was then being tried. The court held that, since the primary offense was for selling and not for possessing beer, the evidence of independent sales on other occasions was improper.

Now, let us return to the case at bar. The sole defense available to the appellant under the testimony in this case was that Rubin, who was the only person outside of the appellant's relatives shown to have been in his room on that day, had placed the cigarette in his coat without his knowledge. Under this state of the record, we have concluded that the state was properly permitted to rebut appellant's claimed lack of knowledge of the presence of the cigarette in the coat pocket by showing that he and Rubin had met within a few hours prior to the raid and that certain cigarettes had been transferred from one to the other.

Finding no reversible error, the judgment of the trial court is affirmed.