[Crim. No. 6317. Second Dist., Div. Three. Dec. 16, 1958.]

THE PEOPLE, Respondent, v. ARTHUR TABIZON et al., Defendants; MANUEL GENARO BERMUDEZ, Appellant.

272

Sam Bubrick for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SHINN, P. J.—In a court trial, Arthur Tabizon and Manuel Genaro Bermudez were found guilty of possessing heroin and were sentenced to state prison. Bermudez appeals from the judgment and the denial of his motion for new trial. The sole contention is that the evidence was insuffiicent to prove the offense of possession.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Pursuant to information received from a reliable confidential informant that one David Romero had just returned from Mexico with a large quantity of heroin and that two other Mexicans were selling the heroin at Room 28 of the Tick Tock Motel in Los Angeles, Deputy Sheriff Louis Peterson and four other deputies went to the motel on the evening of January 14, 1958. According to Peterson's informant, narcotic addicts would telephone the motel room from a phone booth on the street near the motel and one of the occupants would deliver the narcotics to the person making the call. Appellant did not request disclosure of the informer's name.

The deputies saw Bermudez's codefendant Tabizon leave the motel room and approach another man who had just used the telephone inside the booth and was now standing nearby. They arrested Tabizon and escorted him back to the motel room; when they reached the door, he began to struggle and yell in Spanish.

Deputy Stahl looked through the door and saw Bermudez sitting in a chair, watching television. When ordered to open the door, appellant complied. The deputies entered, searched the room, and discovered a rubber contraceptive containing 43 capsules lying on top of a chest of drawers; underneath some khaki pants in the third drawer of the dresser they

found a white balloon containing 23 more capsules. The capsules were proved to contain heroin.

When questioned by the deputies, Tabizon stated that he had been living in the room for about a week and that a man named Mike had delivered the narcotics earlier that day, but not to the motel room. Appellant told the officers that he had just arrived from Tijuana and had been in Los Angeles only a few hours.

Bermudez testified that he lived in Tijuana and had driven his lumber truck from Mexicali to Los Angeles on the day of the arrest. He went to Tabizon's motel room to sleep. He had known Tabizon for about six months and had stayed at the motel three times, the last time being four days before he was arrested; David Romero accompanied him from Mexicali to Los Angeles on that occasion; on January 14th, he was in the room for about four hours, watching television. He had no clothing or other belongings with him. Bermudez denied knowing of the presence of any narcotics in the motel room. While he was in the room, the telephone rang several times; he saw Tabizon leave the room just before the deputies arrived, but the telephone did not ring immediately prior to Tabizon's departure. Tabizon did not testify.

██ In a prosecution for unlawful possession of narcotics, the People must prove that the forbidden substance was under the dominion and control of the accused, that the accused was aware of its presence, and that he knew the substance was a narcotic. (*People* v. *Rodriguez*, 151 Cal.App.2d 598, 601 [312 P.2d 272].)

We think that the evidence was insufficient to prove appellant guilty of possessing heroin. ██ The mere fact that he was present in the motel room would not, standing alone, justify a finding of guilt. (*People* v. *Hancock*, 156 Cal.App. 2d 305, 310 [319 P.2d 731] ; *People* v. *Foster*, 115 Cal.App.2d 866 [253 P.2d 50].) Guilty knowledge was not to be presumed, but was for the People to establish by proof. (*People* v. *Antista*, 129 Cal.App.2d 47, 50 [276 P.2d 177].) ██ There was no evidence from which such knowledge could properly be inferred. Bermudez was not shown to be a user of narcotics or to have any connection with them. He denied knowledge of the heroin. He was not a tenant of the motel room but was at most a transient visitor; none of his belongings was in the room. He made no admissions and performed no suspicious act from which the court could draw inferences adverse to him. There were no incriminating circumstances tending to

implicate him. The likelihood that the court may have disbelieved his testimony cannot be held to sustain the conviction upon a theory that his lack of credibility supplied the deficiencies in the People's case.

The judgment and order appealed from are reversed.

Wood (Parker), J., and Vallée, J., concurred.