370 P.2d 642

**STATE of Arizona, Appellee,**

v.

**James Clayton HUNT, Appellant.**

**No. 1205.**

Supreme Court of Arizona.

In Division.

April 11, 1962.

Rehearing Denied May 29, 1962.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

James C. Hunt, Phoenix, in pro. per.

JENNINGS, Justice.

James Clayton Hunt, hereinafter designated defendant, was charged with a co-defendant, one Louis Cordova, with the unlawful possession of a narcotic drug, heroin. Both defendants were assigned the same court appointed attorney, but thereafter defendant was assigned separate counsel. A joint trial was had, resulting in a verdict finding defendant guilty of illegal possession of narcotic drug as charged in the information.

■ Defendant presents his own appeal and claims he was not adequately represented upon the trial. He is poorly supported by his own legal arguments here or by protection of the record in the court below. Only one objection to support a claim of error was made on the trial as hereinafter described. Motion for directed verdict was made and denied but there was no motion for new trial. However, this Court has proceeded to review the entire record for fundamental error. A.R.S. § 13–1715; State v. Pulliam, 87 Ariz. 216, 349 P.2d 781.

The reporter's transcript reveals the following: Police officer Lucero, an undercover narcotic officer, testified that he, through arrangement made by one Johnson with defendant, went to a location on South Central; the officer parked in a truck there; defendant drove up in a car with Cordova and two women; defendant alone came over to the officer's truck; defendant then sold the officer two "ten-dollar papers" admitted as Exhibit 1 and identified as containing heroin. The officer paid defendant for the papers with $20 in bills given him for this purpose by Police Officer Irving.

■ An envelope, admitted as Exhibit 4, was identified by Officer Irving as containing $14 in bills which he received from the City Jailer and which he testified was part of the money he gave Lucero. The money itself was not marked in any way. Officer Irving testified that the numbers on the bills checked against a list he made and this list is also part of Exhibit 4. Upon this exhibit being offered in evidence, objection was made on the ground of insufficient foundation. This, the only objection on behalf of defendant in the proceedings, is well taken.

The only relevancy of the exhibit is to show that money obtained from defendant is the same as that given to him in payment for the heroin. No search was made of defendant at the time of his arrest and there is no showing this money was taken from defendant. Witness Irving testified to a conversation with defendant as follows:

"Oh, I asked Mr. Hunt—through the conversation we told Mr. Hunt that we had recovered the $14.00 of our marked money and in the conversation I asked Mr. Hunt, I said 'Apparently you spent $1.00 of our money,' in a joking manner and he replied, 'You will probably find that back at the Rock Bottom Grocery Store where I went to purchase some soda pop.' "

This testimony is not sufficient to supply the gap in the foundation so far as Exhibit 4 is concerned, whatever relevance it might have to show defendant's connection with the incident described by Lucero. The admission of Exhibit 4 was error.

 Officer Lucero on cross-examination by codefendant's counsel stated, without objection, that he had purchased marijuana from defendant the night before the purchase of heroin. It is prejudicial error to admit evidence of other separate offenses unless they are relevant to show motive, intent, absence of mistake or accident, identity or common scheme or plan. State v. Martin, 74 Ariz. 145, 245 P.2d 411; State

v. Little, 87 Ariz. 295, 350 P.2d 756. The situation herein is similar to that of the Little case, supra, in which it was held error to admit evidence of prior sales of heroin where there was no showing they were related to the sale of heroin with which the accused was charged. Admission of evidence of prior sale of marijuana not connected with the charge of sale or possession at issue is error, even without objection and though it is elicited by codefendant's counsel. United States v. Tramaglino (2d Cir.) 197 F.2d 928, 932. Under the authority of State v. Little, supra, and State v. Hunt, Ariz., 370 P.2d 640, the error is prejudicial.

The evidence, elicited from various police officers, also discloses the following: Approximately one hour following the above-described incident, Lucero and other officers went to premises located on West Van Buren where they waited until defendant, Cordova and the two women drove up, 20 to 25 minutes later. These four persons went into the house and defendant alone immediately came out and went to a nearby grocery store where he was arrested by several officers. Other officers went into the house where Cordova was searched and a matchfolder with two "papers", identified as containing heroin and admitted as State's Exhibit 2, was found on his person. Defendant was not present at the time of this search. The officers searched the house and found two papers identified as containing

traces of heroin (admitted as State's Exhibit 3) in a wastebasket under the sink. There was evidence the house was rented by one Beverly Carpenter, one of the two women with defendant and Cordova. Aside from testimony concerning disposition of the papers containing heroin which made up the several exhibits, the above sums up the evidence. Defense rested without submitting any evidence.

The foregoing shows three separate incidents: (1) the sale by defendant to Lucero at South Central, (2) the possession by codefendant Cordova at West Van Buren, (3) the possession by someone of the two papers found in the wastebasket.

■ The offense of possession of a narcotic drug requires a physical or constructive possession with actual knowledge of its presence. State v. Carroll, Ariz., 368 P.2d 649; People v. Gory, 28 Cal.2d 450, 170 P.2d 433; People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609. It is not necessary the drug be found on the person of the accused but the circumstances must show he had dominion and control over it. People v. Gory, supra; Watson v. State, 164 Tex.Cr.R. 593, 301 S.W.2d 651. Exclusive possession is not required as two or more persons may have joint possession of the drug. People v. Basco, 121 Cal.App.2d 794, 264 P.2d 88. Mere presence at a place where a narcotic drug is found is insufficient to show knowledge of its presence. State v. Carroll, supra.

Under the foregoing principles the only evidence to support a conviction of defendant for possession of heroin as charged arises from the sale to Lucero. There is no showing he had knowledge of the heroin on Cordova's person or of the papers in the wastebasket or dominion or control over these items. His connection with these two incidents must come from the fact he arrived at the house in company of Cordova and that he entered the house and came out.

■ The State cites, and this Court has discovered, no case in which joint possession of a narcotic can be established by the sole fact defendant is or has been in the company of one who has a narcotic drug on his person. On the contrary, an additional independent factor linking defendant with the narcotic must be shown. People v. Hancock, 156 Cal.App.2d 305, 319 P.2d 731; People v. Tabizon, 166 Cal. App.2d 271, 332 P.2d 697; People v. Stanford, 176 Cal.App.2d 388, 1 Cal.Rptr. 425; People v. Redrick, 55 Cal.2d 282, 10 Cal. Rptr. 823, 359 P.2d 255.

■ The information charges defendant and Cordova with the joint commission of a single offense and they were tried together on this charge. That two or more persons are charged with violation of the same statute does not permit them to be tried together unless the offense arises from the same act or transaction. Coco v. United

States (8 Cir.) 289 F. 33; United States v. McConnell, 3 Cir., 285 F. 164; Ingram v. United States, (4 Cir.) 272 F.2d 567; McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355. These cases cite the Federal criminal rule of procedure, now Rule 8(b), 18 U.S.C.A., to the effect that two or more defendants may be jointly charged if they have participated in the same acts or transactions. Arizona's Rules of Criminal Procedure do not include a rule of this type. However, it is stated that the Federal rule is the codification of existing law. Ingram v. United States, supra. The case of Coco v. United States, supra, deals with the exact problem posed herein, that is, what disposition should be made of a case wherein there is a joint indictment and separate offenses are shown by the evidence. It holds there must be a new trial.

Rule 254 of the Arizona Rules of Criminal Procedure, 17 A.R.S. provides in part:

> "When two or more defendants are jointly charged with any offense, whether felony or misdemeanor, they shall be tried jointly, unless the court in its discretion on the motion of the county attorney or any defendant orders separate trials. * * *"

This contemplates that there is a single offense in which codefendants are charged with participating and that this will be established by the State. The outcome of this trial was that three offenses were shown; that defendant could legally be connected with only the one (the sale to Lucero); and that none constituted an offense jointly committed. The evidence was received without qualification and the jury was not cautioned in any way as to its effect.

A verdict founded on the record herein cannot stand. Reversed for new trial.

STRUCKMEYER, J., and GEORGE M. STERLING, Superior Court Judge, concur.