456 P.2d 382

STATE of Arizona, Appellee,

v.

Johnny Delgado PARRA, Appellant.

No. 1924.

Supreme Court of Arizona.

In Division.

July 2, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoeniz, for appellee.

Cunningham & Tiffany, by Michael E. Tiffany, Phoenix, for appellant.

HAYS, Justice.

The defendant, Johnny Delgado Parra, was found guilty by jury of a charge of illegal possession of marihuana with a prior. He was sentenced to not less than ten years nor more than ten years and one day at the state prison. Prior to the trial the defendant's motion to suppress all evidence seized under a search warrant was denied.

The pertinent facts indicate that initially the defendant was arrested October 26, 1967, on a charge of burglary. At the time of arrest, the arresting officer searched a wallet found on the person of the defendant and noted a rent receipt for an apartment located at 2012A East Madison. Defendant admitted that he lived at that address. Thereafter, another officer, making use of the address on the rent receipt, obtained a search warrant and searched the apartment with other officers. In the search officers found the following items: A plastic bag containing marihuana, located on top of the dresser in the bedroom; two match boxes of marihuana, found in the pocket of a coat hanging in the bedroom closet; a small brown suitcase containing papers, correspondence including a letter addressed to defendant, and marihuana seeds and hulls, located in the bedroom closet; a match box containing marihuana, located on the kitchen table; and marihuana debris located in the corner of the kitchen where trash was stacked. When the search occurred the door to the apartment was unlocked and the electricity was disconnected.

A witness, Vene Amparan, testified that she rented the one-bedroom apartment to the defendant on October 24, 1967. She stated that no one else had lived in the apartment since August 3, 1967, and that the prior tenant left no personal items there. Although the testimony of this witness, through an interpreter, was not completely clear it appears that she saw the defendant on the 26th of October, 1967, when they discussed moving a bed from the bedroom of the apartment. Five men were in the apartment with Parra at this time and these man left the house after he did. The witness did not see the defendant again prior to the time the police search was undertaken.

Defendant raises two questions on appeal: 1) Should the trial court have granted defendant's motion for directed verdict contrary to the weight of the evidence? and 2) should the court have granted defendant's motion to suppress the evidence obtained at the apartment because it was obtained by an illegal search and seizure?

Defendant's first question concerns basically the quantum of proof required to establish constructive possession of marihuana or a narcotic drug. In State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962), we said:

"The offense of possession of a narcotic drug requires a physical or constructive possession with actual knowledge of its presence. Carroll v. State [90 Ariz. 411] 368 P.2d 649; People v. Gory, 28 Cal.2d 450, 170 P.2d 433; People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609. It is not necessary the drug be found on the person of the accused but the circumstances must show he had dominion and control over it. People v. Gory, supra; Watson v. State, 164 Tex.Cr.R. 593, 301 S.W.2d 651. Exclusive possession is not required as two or more persons may have joint possession of the drug. People v. Basco, 121 Cal.App.2d 794, 264 P.2d 88. Mere presence at a place where a narcotic drug is found is insufficient to show knowledge of its presence. State v. Carroll, supra."

The only evidence of constructive possession in this case was circumstantial evidence. Consistently we have held that to warrant a conviction based solely on circumstantial evidence, the evidence must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence. State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965). The trial judge properly instructed the jury in this regard.

The evidence must show specific facts from which the jury may reasonably

infer that the defendant knew of the existence of the marihuana at the location where it was found. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). In State v. Bearden, supra, we indicated that it was the function of the jury to decide what inferences could be drawn from the evidence. The totality of the evidence presented here, i.e. the renting of the apartment by the defendant, the moving in of personal items, and the fact that a suitcase containing a letter addressed to the defendant, as well as marihuana seeds and hulls found in the closet, all support the inference from which the jury found constructive possession. There is sufficient evidence to support the verdict.

With regard to his motion to suppress the evidence seized under the search warrant, defendant contends that all such evidence was the fruit of an illegal seizure; that of taking the rent receipt from his wallet at the time of his arrest. He further contends that an officer other than the arresting officer made use of the rent receipt after it had been returned to the wallet and placed with defendant's other possessions in police custody. The facts reflected by the record show that the only relationship of the rent receipt to the search of the apartment was the indication of the address of the defendant. This address was verified by the defendant himself after some questioning at the time of arrest. In his motion to suppress, the defendant did not include the rent receipt as an item of evidence to be suppressed, nor did he object to its admission in evidence as being illegally obtained.

■■ The defendant now objects not to the seizure of the rent receipt but to the use of the information it contained. The legality of the arrest not being in question, we hold that the police incident to the arrest could remove defendant's wallet from his person and examine its contents. State v. Sherrick, 98 Ariz. 46, 402 P.2d 1 (1965). The subsequent re-examination of the rent receipt by an officer did not destroy the validity of the original action taken, nor

did it invalidate the search warrant obtained to search defendant's apartment.

Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), cited by the defendant, does not support his position for in that case the evidence seized was not found contemporaneously with the arrest, but resulted from the search of an automobile after the defendant had been arrested and booked.

One might conjecture that the recent United States Supreme Court case of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1969) implies some new limitation on the extent of a search of the person under a lawful arrest; however, that case involves the problem of a "stop and frisk" situation, and we read into it no change in the previous law on arrest.

■ We quote with approval the following language from Charles v. United States, 9 Cir., 278 F.2d 386 (1960) at page 388.

"On the other hand, it seems to us that a search of the person of the accused, even for the purpose of uncovering evidence of a crime other than that which is charged, is generally incident to a valid arrest. Power over the body of the accused is the essence of his arrest; the two cannot be separated. To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets except for enumerated reasons is to ignore the custodial duties which devolve upon arresting authorities. Custody must of necessity be asserted initially over whatever the arrested party has in his possession at the time of apprehension. Once the body of the accused is validly subjected to the physical dominion of the law, inspections of his person, regardless of purpose, cannot be deemed unlawful, see People v. Chiagles, 1928, 237 N.Y. 193, 142 N.E. 583, 32 A.L.R. 676, unless they violate the dictates of reason either because of their number or their manner of perpetration."

The trial court properly denied defendant's motion to suppress the evidence seized pursuant to the search warrant.

Affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.