468 P.2d 929

**The STATE of Arizona, Appellee,**

v.

**Mitchell Thomas BLAZAK, Appellant.**

**No. 2075.**

Supreme Court of Arizona,
In Division.

May 7, 1970.

Rehearing Denied June 9, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., and Andrew Bettwy, Asst. Atty. Gen., for appellee.

Clay G. Diamos, Tucson, for appellant.

HAYS, Justice.

On the evening of January 17, 1967, the defendant Blazak was stopped while driving an automobile and arrested by three members of the Intelligence Unit of the Tucson Police Department. Prior to the time defendant was stopped one of the officers had by teletype confirmed the fact that Blazak's driver's license had previously been suspended. Immediately after the arrest Blazak was "patted down" by the arresting officer and a tobacco tin containing marijuana was found in the inside pocket of his sport coat.

The defendant, after waiving a preliminary hearing, was arraigned in Superior Court on February 15, 1967, on a charge of possession of marijuana. Subsequently four hearings were conducted pursuant to Rule 250, Arizona Rules of Criminal Procedure, 17 A.R.S., and on each occasion he was sent to the Arizona State Hospital "until such time as he is able to assist in his own defense." After a fifth hearing on April 4, 1969, a finding was made that the defendant understood the nature of the proceedings against him and was able to assist in his defense. The matter proceeded to trial.

After a jury had been empaneled but prior to the exercise of preemptory challenges the defendant indicated a desire to dismiss his attorney. Outside of the presence of the jury there was a discourse among counsel and defendant and the court. The record reflects that the counsel whose dismissal was requested was the third to represent defendant in these proceedings. The court then conducted a hearing on the question and counsel was permitted to retire. The trial proceeded, the defendant was found guilty by the jury, and a sentence of three to four years at the State Penitentiary was pronounced.

The defendant raises two questions in his appeal: Was the search of the defendant at the time of his arrest in violation of his constitutional rights, and was the court's acceptance of the defendant's waiver of counsel invalid and a deprivation of his constitutional rights? We answer both of these questions in the negative.

In his brief, the defendant raises a number of points of evidence which are not contained in the reporter's transcript. We must, of necessity, limit our determination to the record before us. Having knowledge that the defendant's driver's license was suspended, the police had probable cause to stop and arrest the defendant when they saw him driving an automobile. As an incident to the arrest when taking the defendant into custody, the police had the right to search his person, and remove therefrom any weapon or evidence. State v. Parra, 104 Ariz. 524, 456 P.2d 382 (1969).

The defendant argues that this case falls within the holding of Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968), where the purpose of the arrest of the defendant therein on a minor traffic offense was to search the car for contraband. The record in the instant case reflects no parallel with *Gonzalez*.

We have considered Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), but that case on its facts dealt with the search of a house incident to arrest. The majority opinion in the Chimel case examines a long line of decisions on the question of searches incident to a lawful arrest commencing with Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). In a prelude to this examination the court observes:

"The decisions of this Court bearing upon that question have been far from consistent, as even the most cursory review makes evident." 395 U.S. at 755, 89 S.Ct. at 2036, 23 L.Ed.2d at 688.

When a clearly defined position on this question has been reached we will follow the mandate of the highest court in our land, but at present we see no ruling on the specific facts of our case which compels us to overrule previous decisions of this court.

On the second point raised by the defendant concerning the court's permitting the dismissal of counsel by defendant, we can only point to some 23 pages in the transcript of record wherein the court used every means of persuasion to deter defendant. Finally, in an abundance of caution after doing some legal research, the trial judge conducted a formal hearing to determine Blazak's ability to intelligently and competently waive his right to counsel. After making this finding the court had no alternative but to grant defendant's request. Art. 2, § 24, Constitution of Arizo-

**572**

na, 1 A.R.S.; State v. Westbrook, 99 Ariz. 30, 406 P.2d 388 (1965)

The judgment of conviction is affirmed.

UDALL and McFARLAND, JJ., concur.