553 P.2d 1211

**STATE of Arizona, Appellee,**

v.

**Fred Joel GUTIERREZ, Appellant.**

**No. I CA-CR 1629.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 13, 1976.

Rehearing Denied Aug. 30, 1976.

Petition for Review Denied Sept. 23, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellee.

## OPINION

NELSON, Judge.

Following a trial to the court, Fred Joel Gutierrez (Gutierrez), was found guilty of the crime of possession of marijuana, designated as a misdemeanor. He was sentenced to a term of 90 days in the Maricopa County Jail. On appeal, only one issue is raised: did the trial court err in denying his motion to suppress the marijuana found on the front seat of the car he was driving when stopped?

On December 20, 1974, Gutierrez was stopped by a Phoenix police officer while driving his mother's car. The officer stopped the vehicle for the purpose of conducting a driver's license check. This same officer had stopped Gutierrez two or three weeks previously stating that Gutierrez appeared to be acting in a suspicious manner in the driving of his car, including the picking up and discharging of passengers. Gutierrez did not have a driver's license in his possession at the time of the initial stop, although he was a duly licensed driver. After stopping Gutierrez on December 20, the officer asked for his driver's license and was told that he again did not have it with him. At that time, the officer walked with Gutierrez up to the vehicle and observed a clear plastic baggie of marijuana on the front seat. Gutierrez and three other occupants of the car were arrested for possession of marijuana for sale.

The appellant argues that there was no founded suspicion in the instant case which justified the officer in stopping appellant's vehicle on December 20, 1974. The appellant relies on the recent Arizona Supreme Court case, *State v. Ochoa*, 112 Ariz. 582, 544 P.2d 1097 (1976). The State, on the other hand, argues that the court correctly denied the appellant's motion to suppress because the police officer was justified in

stopping the appellant's vehicle to ascertain whether he had a driver's license in his possession, since he had been driving without one only a few weeks before. The State argues that this was not a random stop to ascertain the commission of a crime in the first instance, the evil proscribed in *State v. Ochoa,* supra.

Since we agree with this position, it is unnecessary to determine whether *State v. Ochoa,* supra, is to be given retroactive application. See: *State v. Ream,* 19 Ariz. App. 131, 505 P.2d 569 (1973); *State v. Taras,* 19 Ariz.App. 7, 504 P.2d 548 (1972); *State ex rel. Berger v. Cantor,* 13 Ariz.App. 555, 479 P.2d 432 (1970).

The Arizona Supreme Court in *State v. Ochoa* held that travelers upon the public highways could not be stopped solely for the purpose of ascertaining whether the driver was violating the law by not possessing either a registration card (A.R.S. § 28-305D) or an operator's license (A.R.S. § 28-423). In arriving at this conclusion, the Arizona Supreme Court cited with approval *State v. Taras,* supra. The Court in *State v. Ochoa* concluded:

> "We think it is plain from a simple reading of the statutes [citations omitted] that neither contains language which expressly authorizes the stopping of a driver of a motor vehicle for the purpose of demanding proof from him that he is not violating the law. Nor do we infer from the legislative language an intent to permit the invasion of private rights by stopping people in order that they may be compelled to prove they are not committing public offenses." 112 Ariz. at 585, 544 P.2d at 1100.

This language does not prohibit a follow-up investigation by a police officer who observes the same person driving the same car in which he had been earlier observed in violation of A.R.S. § 28-423, supra. *Ochoa,* supra, is clearly aimed at situations wherein the alleged enforcement of the motor vehicle statutes is merely a sham for a hoped-for arrest on a more serious criminal charge for which there is no probable cause for arrest or detention. Such conduct is clearly prohibited and was justly condemned in *Ochoa.* On the other hand, our Supreme Court did not intend to limit or inhibit the legitimate enforcement of statutes such as A.R.S. § 28-423.

Gutierrez does not challenge the admissibility of the evidence introduced against him as a result of the "plain view" and subsequent search of his vehicle. His only allegation of error here deals with the trial court's refusal to suppress the marijuana based upon the unreasonableness of the initial stop of his vehicle. The stop was certainly reasonable under the circumstances of this case. *State v. Blazak,* 105 Ariz. 570, 468 P.2d 929 (1970); see also: *Long v. Garrett,* 22 Ariz.App. 397, 527 P.2d 1240 (1974); *State v. Taras,* supra.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and OGG, J., concurring.