NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SEAN KEVIN WELVAERT, *Appellant.*

No. 1 CA-CR 23-0536
FILED 07-11-2024

Appeal from the Superior Court in Yavapai County
No.  V1300CR202280351
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones, Christina Bustamante (Certified Limited Practice
Student)
*Counsel for Appellee*

C. Kenneth Ray II, Prescott
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

¶1   Defendant Sean Kevin Welvaert appeals his convictions and resulting probation grants for possession or use of a dangerous drug and possession of drug paraphernalia.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2   In June 2022, detectives from the Partners Against Narcotics Trafficking Taskforce executed a search warrant at a property in Camp Verde.  Welvaert had been living at the property, sometimes sleeping in a small shed set up as a bedroom, and was there when detectives executed the warrant.  The detectives found 8.59 grams of methamphetamine, a pipe bong containing .30 grams of methamphetamine, and a pipe bong containing methamphetamine residue in the shed.  They also found Welvaert's wallet, his identification, and mail addressed to Welvaert in the shed near the methamphetamine and bongs.

¶3   Welvaert told an officer that he had a shed behind the main house where he slept several nights a week.  Welvaert also told the officer he had used methamphetamine that day.  At trial, Welvaert testified that he had observed other residents at the property using drugs, had previously used drugs with a resident named Dave, and had used a methamphetamine bong before.  Welvaert acknowledged telling an officer he had used methamphetamine the day of the search, but claimed to have done so in Phoenix earlier in the day and not in Camp Verde.

¶4   The State charged Welvaert with one count of possession or use of a dangerous drug and one count of possession of drug paraphernalia.  At the close of the State's case, Welvaert moved for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20.  After argument, the superior court denied the motion.  The jury found Welvaert guilty as charged.

**¶5** The superior court suspended the imposition of sentence and placed Welvaert on supervised probation for four years. Welvaert timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A), 13-4031, and -4033(A).

## DISCUSSION

**¶6** Welvaert contends the evidence could not support his convictions and the superior court should have granted his motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20(a)(1) ("After the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment, information, or complaint if there is no substantial evidence to support a conviction.").

**¶7** We review the denial of a Rule 20 motion de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Our review is confined to determining whether there is substantial evidence to support the verdict. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014); Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (citation and internal quotation marks omitted). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997). We view the facts in the light most favorable to sustaining the verdicts and resolve all conflicts in the evidence against Welvaert. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013); *State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012). "[I]n reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013).

**¶8** To prove Welvaert committed possession or use of a dangerous drug (methamphetamine), the State had to show he (1) knowingly possessed or used a dangerous drug; and (2) the substance was in fact a dangerous drug. *See* A.R.S. § 13-3407(A)(1). To prove Welvaert possessed drug paraphernalia, the State had to show he used or possessed with the intent to use "drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter." *See* A.R.S. § 13-3415.

3

¶9        Methamphetamine is a dangerous drug. A.R.S. § 13-3401(6)(c)(xxxviii). A person acts "knowingly" if, "with respect to conduct or to a circumstance described by a statute defining an offense," they are "aware or believe[]" their "conduct is of that nature or that the circumstance exits." A.R.S. § 13-105(10)(b). "Possession" means a person "knowingly exercised dominion or control over property," A.R.S. § 13-105(35), and it may be actual or constructive. *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). "While actual possession means a defendant knowingly exercised direct physical control over an object, constructive possession means he either exercised dominion and control over the drug itself, or the location in which the substance was found." *State v. Gill*, 248 Ariz. 274, 277, ¶ 7 (App. 2020) (citations and internal quotation marks omitted). "[A] person's mere presence at a location where a prohibited item is located is insufficient to show that he . . . knowingly exercised dominion or control over it." *Gonsalves*, 231 Ariz. at 523, ¶ 10. The State must show constructive possession by "specific facts or circumstances." *Id.* (citation and internal quotation marks omitted).

¶10        Substantial evidence supports Welvaert's convictions for possession or use of a dangerous drug and possession of drug paraphernalia. The evidence showed Welvaert told an officer he used the shed and sometimes slept there. The detectives found Welvaert's wallet, identification, and mail within feet of the methamphetamine and bongs. "It is the function of the jury to decide what inferences could be drawn from the evidence." *State v. Parra*, 104 Ariz. 524, 526 (1969). Viewing the evidence in the light most favorable to the State, a rational juror could have found the essential elements of possession or use of a dangerous drug and possession of drug paraphernalia beyond a reasonable doubt. *See West*, 226 Ariz. at 562, ¶ 16.

¶11        Because substantial evidence reasonably supported the conclusion that Welvaert committed possession or use of a dangerous drug and possession of drug paraphernalia, the superior court properly denied his Rule 20 motion.

**CONCLUSION**

¶12 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV