NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HEATHER LYNN COLLINS, *Appellant*.

No. 1 CA-CR 24-0138

FILED 11-19-2024

Appeal from the Superior Court in Yavapai County
No.  V1300CR202180105
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip A. Tomas
*Counsel for Appellee*

Law Offices of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

¶1        Heather Lynn Collins appeals her convictions and resulting probation for possession of a dangerous drug (methamphetamine) and possession of drug paraphernalia.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Collins and her co-defendant, Dean Allen Cotton, resided together in a house in Cottonwood.  Beginning in November 2020, police officers began surveilling the house for drug activity.  Over several weeks, the officers observed that the house was frequented by individuals with known drug histories.  They also observed vehicles stop at the house and leave after only a few minutes, which they recognized as a pattern of short-term traffic indicative of drug sales.

¶3        On January 13, 2021, officers observed a black Hummer pull up to the house.  The driver entered the home for a few minutes, came back outside, and drove away.  Officers requested a search warrant for Cotton's and Collins' house.  Officers then executed the search warrant on the house that evening.

¶4        During the search, officers found a methamphetamine bong containing burnt residue on the kitchen counter.  In a kitchen drawer, they found a clear, plastic-wrapped bag containing about half a fist-sized amount (28.72 grams) of methamphetamine, nestled among common kitchen items such as a pizza cutter, knives, and cooking utensils.  The same drawer also held two smaller baggies of methamphetamine, a metal scooper with white crystalline residue, and a sandwich-sized Ziploc bag filled with about 250 unused miniature Ziploc baggies.  In an adjacent kitchen drawer, officers found Collins' credit card.  And in a kitchen cabinet below the drawer, officers found a digital scale with residue, a methamphetamine pipe with residue, and two more baggies of methamphetamine, alongside other standard kitchen items such as baking sheets and muffin tins.

**¶5**            The State charged both Collins and Cotton with possessing dangerous drugs (methamphetamine) for sale, a class two felony (Count One); two counts of misconduct involving weapons, each a class four felony (Counts Two and Three); and two counts of possessing drug paraphernalia, each a class six felony (Counts Four and Five).  After the superior court granted the State's motion to consolidate, the State tried Collins and Cotton together.  During trial, the court dismissed Counts Two and Five.

**¶6**            At trial, an officer testified that he found both male and female products and clothing throughout Cotton's and Collins' home, and no one else appeared to live with them.  He added that the home "seemed like a married couple's house," "[t]here was nothing in there that seemed that it wasn't shared property," and "there wasn't [sic] any special rooms that were under lock and key or anything like that."  He explained that the kitchen was in the middle of the home, and the methamphetamine bong sitting on the kitchen counter was "kind of a center piece just being out in the open like that."

**¶7**            After the State presented its case-in-chief, Collins moved for a judgment of acquittal on the remaining counts under Arizona Rule of Criminal Procedure ("Rule") 20.  The superior court denied the motion.  The jury found Collins guilty of the lesser-included offense in Count One—possession of dangerous drugs (methamphetamine)—and Counts Three and Four.

**¶8**            After trial, Collins filed a renewed motion for judgment of acquittal, or in the alternative, a motion for new trial.  The superior court granted the motion as to Count Three, but denied the motion as to Counts One and Four.  After denying Collins' motion for reconsideration, the court sentenced Collins to three years' probation, including a term of 120 days in jail, with no presentence incarceration credit.  Collins timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶9**            Collins contends the evidence did not support her convictions on Counts One and Four, and the superior court should have granted her renewed motion for judgment of acquittal.  *See* Ariz. R. Crim. P. 20(b)(1).

**¶10**          We review the denial of a Rule 20 motion de novo.  *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  Our review is confined to determining whether substantial evidence supports the verdict.  *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014); Ariz. R. Crim. P. 20(a)(1).  Substantial evidence is "proof

that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997) (citation omitted). We review the facts in the light most favorable to sustaining the verdicts, *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013), and resolve all conflicts in the evidence against Collins, *State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012). "[I]n reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013) (citation omitted).

**¶11** To prove Collins committed possession of a dangerous drug, the State had to show she (1) knowingly possessed a dangerous drug, and (2) the substance was in fact a dangerous drug. *See* A.R.S. § 13-3407(A)(1). To prove Collins possessed drug paraphernalia, the State had to show she possessed with the intent to use "drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of [A.R.S. Title 13, Chapter 34]." *See* A.R.S. § 13-3415(A).

**¶12** Methamphetamine is a dangerous drug. A.R.S. § 13-3401(6)(c)(xxxviii). A person acts "knowingly" if, "with respect to conduct or to a circumstance described by a statute defining an offense," they are "aware or believe[]" their "conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b). "Possession" means a person "knowingly exercised dominion or control over property," A.R.S. § 13-105(35), and it may be actual or constructive, *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). "Constructive possession exists when the prohibited property 'is found in a place under the defendant's dominion or control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the property.'" *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007) (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)). "The terms 'dominion' and 'control' carry their ordinary meaning, such that dominion means 'absolute ownership' and control means to 'have power over.'" *State v. Ingram*, 239 Ariz. 228, 233, ¶ 21 (App. 2016) (quoting *Cox*, 214 Ariz. at 520, ¶ 9).

**¶13** Substantial evidence supports Collins' convictions for possession of a dangerous drug and possession of drug paraphernalia. The evidence showed Collins resided in the house with Cotton and was not just

a frequent guest. Methamphetamine was stored in their kitchen alongside commonly used kitchen items, and a methamphetamine bong sat on their kitchen counter in plain view. Collins' credit card was in the kitchen drawer next to the drawer with methamphetamine. "[I]t was the function of the jury to decide what inferences could be drawn from the evidence." *State v. Parra*, 104 Ariz. 524, 526 (1969) (citation omitted). As the superior court correctly noted, "A reasonable juror could easily [have] infer[red] that anyone living in the house could not help but know the drugs and drug paraphernalia were there." And further, the residue found on the bong, scooper, scale, and pipe could support a juror's reasonable inference that Collins used or intended to use the paraphernalia.

¶14 Collins purports to have merely occupied the house with Cotton, suggesting the true possessors of the methamphetamine were Cotton and his associates. But multiple people can jointly possess property under the theory of constructive possession. *See Ingram*, 239 Ariz. at 233, ¶ 22 (citations omitted). Thus, jurors could reasonably conclude that Collins and Cotton jointly possessed the drugs and paraphernalia found in their shared home.

¶15 Substantial evidence reasonably supports the conclusion that Collins possessed a dangerous drug (methamphetamine) and drug paraphernalia, and the superior court did not err in denying her Rule 20 motion as to Counts One and Four.

**CONCLUSION**

¶16 We affirm.

