## STATE v. ANITA MARIE HANSEN.

169 N. W. (2d) 48.

June 13, 1969—No. 41158.

*C. Paul Jones,* State Public Defender, *Robert E. Oliphant,* Assistant State Public Defender, and *David E. Essling,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Leonard D. Brod,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Direct appeal from defendant's conviction by a jury of possession of heroin in violation of Minn. St. 618.02, which makes it unlawful for any person to "possess" or have "under his control" any narcotic drug.

Defendant contends that (1) the evidence is insufficient to sustain the jury's verdict, and (2) she was denied a fair trial because the trial court erroneously permitted the state to introduce evidence (a) that although her name was not listed on the warrant authorizing a search of the apartment where she was arrested, she had been observed entering it on prior occasions, and (b) that when she was arrested, "needle marks" were visible on her arms.

Defendant was arrested during the search of an apartment at 1501 La Salle Avenue in Minneapolis. The apartment had been under surveillance by the police for several days both before and after a warrant was issued authorizing a search of the premises and of persons found therein for narcotics. The warrant also specifically listed 10 known narcotics peddlers and addicts, but defendant's name was not included. When the registered tenant (a known addict named in the search warrant) opened the door to the apartment and stepped into the hallway, he was immediately arrested. At the same time, the officers observed defendant inside the apartment's main room as she jumped from a cloth-covered chair in which she was sitting. She was the only occupant of the room. Seven officers then conducted an exhaustive search of the entire apartment. During this time, defendant remained seated in the chair except when she was asked to stand aside while it was twice searched by two different officers. At one other point she got up and asked to use the bathroom but was told to remain seated in the chair until a police matron arrived to

search her person. Because she was suspected of possession of narcotics, she remained under constant observation as she sat in the chair and carried on a hushed conversation with three persons who had come to the apartment and who, as requested, sat on the edge of a bed next to the chair. After the matron arrived and began conducting a search of defendant's person, a third officer searched the chair and found 16 capsules of heroin wrapped in tissue paper between the cushion and the backrest. This occurred as the officers were completing the search of the apartment, which had taken about 1 hour. No other narcotics were found on defendant's person or in the apartment, and there was no testimony that anyone saw defendant place the narcotics in the chair during the search.

It is fundamental that—

"[i]n passing upon the weight and sufficiency of the evidence * * * the scope of our review is limited to ascertaining whether under the evidence contained in the record the jury could reasonably find the accused guilty of the offense charged. If the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that defendant was proven guilty of the offense charged, a reviewing court will not disturb its verdict." State v. Norgaard, 272 Minn. 48, 52, 136 N. W. (2d) 628, 631.

See, State v. Markuson, 261 Minn. 515, 113 N. W. (2d) 346; State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156.

While the evidence of defendant's dominion and control over the heroin which was seized is largely circumstantial, our careful review and consideration of the record as a whole persuades us that the jury could reasonably and fairly conclude that defendant, believing that no further search of the chair would be made, placed the narcotics in the chair after it was twice searched, and that the jury also could conclude beyond a reasonable doubt that she was guilty of the crime charged.

We are equally persuaded that evidence of defendant's prior visits to the searched premises was not erroneously admitted, for the testi-

mony of the officer who observed her was proper rebuttal to the defense's line of cross-examination, which the prosecution could fairly conclude had been designed to persuade the jury that, because of the absence of her name on the search warrant, she was merely a casual visitor.

Finally, we view the evidence of the needle marks on her arms as a physical condition existing at the time of her arrest tending to prove the crime charged and not, as defendant argues, as evidence submitted by the prosecution with a design to prove that defendant had previously been convicted of a crime involving narcotics, thus requiring a pretrial notice in compliance with State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167.

Accordingly, we find no error in the court's rulings on evidence which in any way prejudiced defendant's right to a fair trial.

Affirmed.