## STATE v. ARTHUR I. RESNICK.

177 N. W. (2d) 418.

May 15, 1970—No. 41839.

*Stacker, Silverstein, Burke & Radsom,* and *Morry N. Rothstein,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of the offense of knowingly possessing and having under control a narcotic drug, to-wit, Cannabis Sativa L. (commonly known as marijuana).

The issue for decision is whether sufficient evidence was adduced to establish to the reasonable certainty required in criminal prosecutions that defendant violated Minn. St. 618.02, which provides:

"Except as authorized by this chapter it shall be unlawful for any person to sell, prescribe, administer, dispense or furnish to a minor, or manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug."

By the terms of § 618.01, subd. 14, the words "narcotic drugs" are defined as follows:

" 'Narcotic drugs' means coca leaves, opium, cannabis, isonipe-caine, amidone, isoamidone, ketobemidone, and every other substance neither chemically nor physically distinguishable from them * * *."

Minn. St. 618.01, subd. 23, defines Cannabis as follows:

" 'Cannabis' includes all parts of the plant Cannibis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

We can and do take judicial notice of the fact that "Cannabis," sometimes called "marijuana," grows in the State of Minnesota in a wild state and that possession or control of it may or may not justify the inference of contemplated use as a "narcotic drug," depending upon the circumstances of the particular case.

The principal contention of the appellant is that the evidence in the record to be reviewed was inadequate to justify a finding that defendant violated the proscription of § 618.02. We agree with the claim of appellant and the judgment of conviction is reversed.

There is no evidence whatever that defendant was in actual possession of any narcotic drug on August 29, 1968, the date specified in the information. A leather briefcase was discovered inside a suitcase found in the trunk of a Corvair automobile owned by one Patricia Simon, and there was evidence from which the trial court could have concluded that defendant was in possession of a key which afforded access to this car. There were identifying materials in the suitcase and the briefcase which

could have justified the inference that these objects were owned by defendant. The investigating authorities were able to extract from the interstices of the briefcase a small quantity of a material which they identified as "marijuana." The state acknowledges that this material was so minimal in quantity as to be unusable for any purpose having a narcotic effect.

In this situation, we believe, a verdict of guilty which exposes the defendant to a possible sentence of "imprisonment in a state penal institution for not less than five nor more than 20 years" (§ 618.21) cannot be sustained. It is possible, perhaps, to argue that defendant was in possession of the briefcase from which the "marijuana" was extracted because he had a key to the car trunk in which the briefcase was found and the car was owned by a girl with whom defendant was living at the time. But we do not believe that a marginal finding of constructive possession of the briefcase is adequate to support the additional conclusion that defendant was in possession or control of a reprehensible narcotic drug merely because an unusable quantity of a plant which grows in the state was found, upon meticulous examination, to be lodged in the crevices of this receptacle. There are drugs which are in Minnesota so exotic in character as to justify, perhaps, the inference that a tenuous possession of the substance in any amount bespeaks illegal possession or control. But we do not believe this to be the case with respect to marijuana, and we cannot sustain this conviction on the basis of the record before us. See, State v. Hansen, 283 Minn. 502, 169 N. W. (2d) 48; State v. DeSchoatz, 280 Minn. 3, 157 N. W. (2d) 517; State v. Dill, 277 Minn. 40, 151 N. W. (2d) 413. For cases involving similar problems from other jurisdictions, see Pelham v. State, 164 Tex. Cr. 226, 298 S. W. (2d) 171; State v. Hunt, 91 Ariz. 149, 370 P. (2d) 642; Tucker v. State, 244 Md. 488, 224 A. (2d) 111, certiorari denied, 386 U. S. 1024, 87 S. Ct. 1381, 18 L. ed. (2d) 463; State v. Parra, 104 Ariz. 524, 456 P. (2d) 382; State v. Dodd, 28 Wis. (2d) 643, 137 N. W. (2d) 465; State v. Moreno, 92 Ariz. 116, 374

P. (2d) 872; People v. Pippin, 16 App. Div. (2d) 635, 227 N. Y. S. (2d) 164.

Reversed.