## STATE v. RICHARD D. CARR, JR.

249 N. W. 2d 443.

November 19, 1976—No. 45485.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, David W. Larson, Phebe Haugen*, and *Lee Barry*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by the district court of a charge of unlawful possession of heroin, Minn. St. 152.09, subd. 1(2), and was sentenced to a maximum indeterminate term of 5 years' imprisonment. On this appeal from judgment of conviction defendant contends that there was insufficient evidence to convict him and, alternatively, that the court applied the wrong standard in finding him guilty. We affirm.

Since defendant did not physically possess the heroin when he was arrested, what we are concerned with is whether there was sufficient evidence that he constructively possessed it. Our discussion of the constructive-possession doctrine in State v. Florine, 303 Minn. 103, 104, 226 N. W. 2d 609, 610 (1975), bears repeating here:

"The purpose of the constructive-possession doctrine is to include within the possession statute those cases where the state cannot prove actual or physical possession at the time of arrest but where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest in the substance but rather continued to exercise dominion and control over it up to the time of the arrest. Whitebread and Stevens, *Constructive Possession in Narcotics Cases: To Have and Have Not*, 58 Va. L. Rev. 751, 755. Having in mind the purpose of the constructive-possession doctrine, we believe that in order to prove constructive possession the state should have to show (a) that the police found the substance in

a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it. See, State v. Wiley, 295 Minn. 411, 205 N. W. 2d 667 (1973); State v. LaBarre, 292 Minn. 228, 195 N. W. 2d 435 (1972); State v. Resnick, 287 Minn. 168, 177 N. W. 2d 418 (1970)."

In this case the police found the heroin in a cabinet in the living room of a house which defendant shared with a woman and two children. A number of other people were present in the house when the police conducted their search and arguably these people also had access to the cabinet and the heroin. Therefore, the state concedes that the specific issue is whether there was evidence strong enough to support an inference that defendant was at the time consciously exercising dominion and control over the heroin. We believe there was evidence to support such an inference: (a) At the moment the police announced their authority and began their raid of the house, defendant rushed toward the area where the cabinet containing the heroin was located; (b) narcotics paraphernalia was found in a drawer and in a file box which contained defendant's identification papers and other personal items; and (c) defendant had prick marks on his arms.

Defendant's alternative contention is that he should receive a new trial because the trial court applied the wrong standard in finding him guilty. Specifically, defendant argues that the trial court based its general finding[1] of guilt solely on a finding that defendant knew the heroin was in the house. That is, defendant argues that the court found him guilty without determining that he consciously possessed the substance.

We reject this contention. If defense counsel suspected that the trial court was basing the finding of guilt solely on a finding

---

[1] Rule 26.01, subd. 2, Rules of Criminal Procedure, requires the court trying a case without a jury to "specifically find the essential facts in writing or on the record." The rules were not applicable in this case.

of knowledge, then he could have questioned the court in an attempt to determine clearly what standard the court was following. We do not believe that it is apparent from the record, as defendant contends, that the trial court applied the wrong standard.

Affirmed.