STATE of Minnesota, Respondent,

v.

James William LORENZ, Appellant.

No. C3–83–931.

Supreme Court of Minnesota.

May 31, 1985.

Robert J. Hajek, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Considered and decided by the court en banc without oral argument.

AMDAHL, Chief Justice.

Following a warranted search of the two-bedroom apartment they shared, which resulted in the discovery of cocaine and marijuana in common areas and in the two bedrooms, defendant and Bradley John Eberhard were charged in a two-count complaint with possession of cocaine and possession of over 1.5 ounces of marijuana. After the trial court denied their respective pretrial motions, defendant and Eberhard waived their right to jury trials and let the trial court decide their guilt on the basis of the state's evidence, to which they stipulated. The court sentenced them identically by staying imposition of any prison term and placing them on probation for 3 years subject to certain conditions. Eberhard filed a notice of appeal but never filed a brief and the appeal was dismissed. Defendant's appeal raises two issues: (1) whether the trial court erred in refusing to allow defense counsel to question the informant under oath and in denying defendant's motion to suppress on fourth amendment grounds and (2) whether the evidence to which defendant stipulated was sufficient to support his convictions. We affirm.

The affidavit in support of the search warrant application informed the magistrate that (a) in 1981 an informant with a track record of reliability had told police that Eberhard was making deliveries of controlled substances in connection with his employment as a deliverer of vending products to area bars; (b) more recently police had obtained the assistance of a different informant, who made "controlled buys" (detailed in the affidavit) of marijuana from the residence at 515 East Cottage Avenue in St. Paul; and (c) police had checked and determined that Eberhard was the occupant and owner of the residence and that at least one other unidentified person lived there with him.[1]

Police obtained and executed the warrant at 9 a.m. on December 10, 1982. Eberhard and defendant were in the apartment when the police entered it and executed the warrant. In Eberhard's bedroom, police found two plastic bags containing white tablets that later were determined not to be controlled substances and a vial containing one gram of cocaine. Eberhard had $129 in cash on his person. In defendant's bedroom dresser, the police found two plastic bags containing a total of 20.5 grams of marijuana, a vial containing .5 grams of cocaine, one marijuana cigarette, $1,093 in cash, and a bottle containing white tablets that later were determined not to be controlled substances. In a kitchen closet, the police found a jar containing some capsules later determined not to be controlled substances, two bags containing a total of 131 grams of marijuana and a baggie with a white powdery substance in it. In the living room, they found a cigar box with some "marijuana roaches" and marijuana residue in it along with cigarette papers. Defendant admitted that a tin found in his jacket and containing a blue capsule and white crushed tablets was his. He also admitted that the marijuana, cocaine and what he called "white crosses" found in his bedroom were his. Eberhard told police that the marijuana found in the kitchen and the cocaine found in his bedroom were his.

1. Defendant claims that the search warrant was defective in that it did not make it clear to the police that they could search only Eberhard's bedroom and the common areas, not defendant's bedroom. He claims further that the trial court should have compelled the disclosure of the identity of the informant or at least should have questioned the informant in camera to determine if the police knew in advance that defendant was a resident but had not made the sales.

■ The general rule is that a search warrant for a "multiple occupancy building" is invalid unless it describes the particular unit to be searched with sufficient definiteness. 2 W. LaFave, Search and Seizure § 4.5(b) (1978). Defendant concedes that such a warrant is valid, under an exception to the general rule recognized in *United States v. Santore*, 290 F.2d 51 (2nd Cir.1960), when police, acting reasonably, do not learn until executing the warrant that the building is a multiple occupancy building. He argues, however, that the police knew that there were two occupants and argues that compelling disclosure of the informant (or at least requiring the court to question the informant in camera) would have shown this and would have shown that defendant had not made the sales.

■ The trouble with defendant's argument is that the "multiple occupancy" rule does not apply when two or more people or families occupy a single residence in common, as where they share common living quarters but have separate bedrooms. Professor LaFave states:

Another type of case which has often been dealt with differently than the usual multiple-occupancy situation is that in which several persons or families occupy the premises in common rather than individually, as where they share com-

---

1. Police suspected that defendant was the other occupant but were not sure. They did not provide the magistrate with this information.

mon living quarters but have separate bedrooms. In the community-occupation situation, the courts have held that a single warrant describing the entire premises so occupied is valid and will justify search of the entire premises. Some of these decisions may be seen as simply another illustration of the *Santore* rule, which has sometimes been explained on the ground that requiring police to determine multiple occupancy when there are no external signs of such occupancy would be "analogous to requiring the enforcement officers to determine if a daughter or son pays rent while residing in the same house as their parents and if their use of the house is restricted." However, there is a broader justification for treating cases of community occupation differently: where a significant portion of the premises is used in common and other portions, while ordinarily used by one person or family, are an integral part of the described premises and are not secured against access by the other occupants, then the showing of probable cause extends to the entire premises. For example, if three persons share an apartment, using a living room, kitchen, bath and hall in common but holding separate bedrooms which are not locked, whichever one of the three is responsible for the described items being in the apartment could have concealed those items anywhere within, including the bedrooms of his cotenants.

2 W. LaFave, Search and Seizure § 4.5(b), at 81 (1978) (footnotes omitted).

■ We conclude that the description of the place to be searched was valid and that the warrant was therefore valid. It follows that the trial court correctly refused to either compel disclosure of the informant's identity or to question him in camera.

2. Defendant's other contention is that the evidence of his guilt was legally insufficient. He claims that the complaint charged him only with aiding and abetting Eberhard's possession and that there was not sufficient evidence that he did this. He admits that if charged with independently possessing the marijuana and cocaine found in his bedroom, he could have been convicted of possessing cocaine (but not of possessing more than 1.5 ounces of marijuana since the marijuana in his room weighed less than 1.5 ounces). The state responds that defendant cannot claim that the evidence was insufficient since he stipulated to the state's evidence and therefore in effect admitted his guilt. Beyond this, the state argues that each defendant was charged both with individually possessing the controlled substances and aiding and abetting possession by the other, and argues that the evidence was sufficient to show actual or constructive joint possession of all the controlled substances.

By stipulating to the state's evidence, defendant merely agreed to let the trial court decide whether or not he was guilty on the basis of that evidence; he did not concede that he was guilty. Indeed, his attorney argued to the trial court that defendant was not guilty.

The complaint charged that "aiding and abetting and being aided and abetted by each other [defendant and Eberhard] did * * * wrongfully and unlawfully possess * * * cocaine" and "wrongfully and unlawfully possess marijuana in excess of 1.5 oz." This was adequate to allow conviction either on the theory of independent possession, joint possession, or aiding and abetting the possession of cocaine and marijuana.

■ We conclude that defendant was properly found guilty of both offenses. The discovery of the cocaine in his dresser by itself justifies the conviction of possessing cocaine. *State v. Simon,* 275 N.W.2d 51 (Minn.1979) (affirming defendant's conviction of possessing LSD found in his bedroom in a mobile home he shared with another person). Defendant's conviction of possessing marijuana in excess of 1.5 ounces can be upheld only if the evidence established either that defendant and Eberhard jointly possessed the marijuana found in the kitchen or that defendant aided Eberhard in possessing the marijuana; this is

because the marijuana found in defendant's bedroom weighed less than 1.5 ounces. Many of the cases dealing with the sufficiency of the evidence to support a conviction of possessing marijuana found in common areas of an apartment occupied by two people are annotated at Annot. 56 A.L.R.3d 948 (1974 & Supp.1984). Relevant Minnesota cases include: *State v. Colsch*, 284 N.W.2d 839 (Minn.1979) (affirming defendant's conviction of possession of controlled substance found in bedroom defendant shared with wife); *State v. Carr*, 311 Minn. 161, 249 N.W.2d 443 (1976) (affirming conviction of defendant for possession of controlled substance found in common area of apartment he shared with woman and to which others had access). The general rule is that the mere fact that a defendant is one of two or more occupants of an apartment does not justify convicting the defendant of possessing controlled substances found in a common area of the apartment. Here, however, the evidence showed more than nonexclusive possession of the apartment on defendant's part. It showed that he had pills in his jacket which he thought were white crosses and had marijuana and cocaine in his bedroom which he admitted were his. Under all of the circumstances, we believe it was proper for the trial court as trier of fact to infer that defendant either jointly possessed with Eberhard the marijuana found in the kitchen or aided and abetted Eberhard in possessing it.

Affirmed.