STATE of Minnesota, Respondent,

v.

Michael Montgomery PORTER,
Appellant.

No. C3–03–223.

Court of Appeals of Minnesota.

Feb. 4, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Theodora K. Gaitas, Assistant Public Defender, Minneapolis, MN; and Karl E. Robinson, Special Assistant State Public Defender, Winthrop & Weinstine, PA, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge; KLAPHAKE, Judge; and ANDERSON, Judge.

## OPINION

WILLIS, Judge.

On appeal from his conviction of felon in possession of a firearm, appellant argues that there is insufficient evidence to support the conviction and that the jury instruction on that charge misstated the law.

We conclude that the evidence was sufficient, but because we also conclude that the jury instruction materially and prejudicially misstated the law regarding constructive possession of a firearm, we reverse and remand for a new trial.

### FACTS

On the morning of May 10, 2002, officers of the Minneapolis Police Department executed a search warrant at an apartment on Clinton Avenue South in Minneapolis. Upon entering, police met and detained appellant Michael Montgomery Porter and his girlfriend, Camille Alexander. In searching the apartment, the police found drug paraphernalia and 1.59 grams of crack cocaine in a kitchen cabinet. In a nearby kitchen closet, police found 4.22 grams of powder cocaine and, within inches of the powder cocaine, a .38–caliber handgun. Because of a 1996 bank-robbery conviction, Porter was prohibited from possessing a firearm by Minn.Stat. § 624.713, subd. 1(b) (2000).

Porter admitted to the police that the crack cocaine belonged to him, but he denied any knowledge of either the handgun or the powder cocaine. The state charged Porter with third-degree possession of the powder cocaine, in violation of Minn.Stat. §§ 152.023, subds. 2(1), 3(a), 609.101, subd. 3, 609.11 (2000); fifth-degree possession of the crack cocaine, in violation of Minn.Stat. § 152.025, subd. 2(1) (2000); and prohibited person in possession of a firearm, in violation of Minn.Stat. §§ 624.713, subds. (1)(b), 2, 609.11 (2000).

A jury trial was held in September 2002. The court used CRIMJIG 20.20 as its proposed jury instruction on the charge of possession of the powder cocaine. That instruction provides that a defendant pos-

sessed a controlled substance if it was "in a place under the defendant's exclusive control to which other people did not normally have access, or if the defendant knowingly exercised dominion *and* control over (the controlled substance)." 10A *Minnesota Practice,* CRIMJIG 20.20 (2000) (emphasis added). The court's proposed jury instruction on the firearm-possession charge was a modified version of CRIMJIG 32.21 and provided that Porter possessed the firearm if he "knowingly ... exercised authority, dominion *or* control over the firearm. Possession may be sole or joint."[1] (Emphasis added.)

Before the district court instructed the jury, Porter requested that the court use the definition of "possessed" in CRIMJIG 20.20 for both the charge of possession of powder cocaine and the charge of possession of a firearm. Over Porter's objection, the district court instructed the jury using the proposed instructions.

The jury found Porter guilty of possession of a firearm but not guilty of possession of powder cocaine. Porter moved the court for a judgment of acquittal on the firearm charge or, alternatively, for a new trial, arguing that the evidence was insufficient to support the conviction, that the jury instruction on the firearm-possession charge did not accurately state the law, and that the not-guilty verdict on the charge of possession of the powder cocaine was legally inconsistent with the guilty verdict on the firearm-possession charge. The district court denied the motion, concluding that the jury instructions accurately stated the law and that the different verdicts on the powder-cocaine and firearm-possession charges could be attributed either to jury lenity or to the fact that

---

1. CRIMJIG 32.21 provides that a defendant possessed a firearm if he "knowingly possessed (the firearm) or consciously exercised dominion *and* control over it." 10A *Minnesota Practice,* CRIMJIG 32.21 (2000) (emphasis added).

the instruction on the firearm-possession charge permitted a guilty verdict if the jury found joint possession. This appeal followed.

## ISSUES

1. Was the evidence sufficient to support Porter's conviction of felon in possession of a firearm?

2. Did the jury instruction on the firearm-possession charge against Porter materially and prejudicially misstate the law?

## ANALYSIS

### I.

■ Porter argues that the evidence at trial was insufficient to prove that he constructively possessed the firearm that the police found in the closet of the kitchen of the apartment Porter shared with his girlfriend.

In considering a claim of insufficient evidence, we analyze the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). We must assume the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore,* 438 N.W.2d 101, 108 (Minn.1989). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988).

■ To obtain a conviction under Minn.Stat. 624.713, subds. 1(b), 2, the state must establish either actual or constructive possession of a firearm. *State v. Loyd,* 321 N.W.2d 901, 902 (Minn.1982). Here, Porter did not have actual possession of the firearm, so the states burden was to prove constructive possession. To prove constructive possession, the state must prove that: (1) the police found the item in a place under the defendant's exclusive control to which other people did not normally have access, or (2) if the police found it in a place to which others had access, that there is a strong probability, inferable from the evidence, that the defendant was, at the time, consciously exercising dominion and control over it. *State v. Florine,* 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975).

■ When a conviction is based on circumstantial evidence, that evidence must lead directly to the guilt of the accused so to exclude, beyond a reasonable doubt, any reasonable inference other than guilt. *State v. Jones,* 516 N.W.2d 545, 549 (Minn. 1994). A jury is in the best position to evaluate circumstantial evidence, and its verdict is entitled to deference. *State v. Morris,* 606 N.W.2d 430, 437 (Minn.2000).

The circumstantial evidence against Porter is sufficient to support the guilty verdict. The state introduced utility bills and other mailings in Porter's name that were delivered to the apartment, and one of the officers who executed the search warrant testified that Porter admitted to him that Porter lived in the apartment. Furthermore, Porter testified that he stayed at the apartment four or five nights a week, that he kept personal belongings there, and that the crack cocaine found in the kitchen, in a cabinet five to eight feet from the closet where the firearm was found, belonged to him. Viewing the evidence in a light most favorable to the conviction, we conclude that the evidence was sufficient to allow the jury to conclude that Porter constructively possessed the firearm. *See Florine,* 303 Minn. at 105, 226 N.W.2d at 611.

## II.

Porter next argues that the jury instruction on the charge of felon in possession of a firearm materially and prejudicially misstated the law.

■ Initially, we address the state's argument that Porter waived his claim that the firearm-possession jury instruction was erroneous because he consented to the instruction given by the court and he did not specifically object to its language. Generally, under Minnesota caselaw and Minn. R.Crim. P. 26.03, subd. 18(3), if a defendant fails to object to a jury instruction at trial, his right to contest it on appeal is waived. *State v. LaForge*, 347 N.W.2d 247, 251 (Minn.1984); *see State v. Kelley*, 295 N.W.2d 521, 522 (Minn.1980). But a defendant who has objected to the substance of a jury instruction at trial has preserved his right to seek a review of the instruction on appeal. *State v. Kuhnau*, 622 N.W.2d 552, 555 (Minn.2001). If a defendant's trial objection embodies the arguments raised on appeal, the claim has been properly preserved, even if the defendant did not clearly articulate his objection to the instruction at trial. *Id.* A defendant does not have to argue to the district court the legality of each phrase of an instruction in order for the instruction as a whole to be attacked on appeal. *LaForge*, 347 N.W.2d at 251.

The record shows that, before the jury was instructed, Porter objected to the proposed instruction on possession of the firearm and requested that the court define "possessed" in that instruction as it was being defined in the instruction on the charge of possession of powder cocaine. The court responded that it would do so only if Porter would agree to the inclusion in both instructions of the statement that "possession may be sole or joint." Porter declined the court's offer, stating that he was choosing the "lesser of two evils." He then specifically preserved his objection.

Porter's objection in district court embodied the objection he raises on appeal. Specifically, he argued in the district court that the instruction on the charge of possession of powder cocaine incorporated the proper definition of "possessed" and that the court should use that definition in the instruction on the firearm charge. Because this is the substance of Porter's argument on appeal, he properly preserved his claim.

Porter argues that, under Minnesota law, when police find a controlled substance or a firearm in a place that is not under a defendant's exclusive control, the standards for proving constructive possession are identical: namely, the state must show, inter alia, that the defendant exercised "dominion *and* control" over the controlled substance or the firearm. Porter contends that, by instructing the jury that he possessed the firearm if he exercised "authority, dominion *or* control" over the firearm, the district court materially and prejudicially misstated the law. He further contends that, based on the disparate definitions of "possessed" in the two jury instructions, the jury "had to conclude" that different standards of "constructive possession" applied to the two charges. He argues that this is the only plausible explanation for the fact that the jury acquitted him of possession of the powder cocaine but found him guilty of possession of the firearm, although both were found under similar circumstances. The state contends that both instructions correctly stated the law and that the differences were too minor to affect the jury's verdict, so that the error, if any, was harmless.

■ District courts are allowed "considerable latitude" in the selection of language for the jury instructions. *State v. Baird*, 654 N.W.2d 105, 113 (Minn.2002).

The refusal to give a requested instruction lies within the discretion of the district court and will not be reversed absent an abuse of that discretion. *State v. Cole*, 542 N.W.2d 43, 50 (Minn.1996). Jury instructions must be viewed in their entirety to determine whether they fairly and adequately explain the law of the case. *State v. Flores*, 418 N.W.2d 150, 155 (Minn. 1988). A jury instruction is in error if it materially misstates the law. *Kuhnau*, 622 N.W.2d at 556.

■ To prove constructive possession of an item, the state must show that: (1) the police found it in a place under the defendant's exclusive control to which other people did not normally have access; or (2) if the police found it in a place to which others had access, that there is a strong probability, inferable from the evidence, that the defendant was, at the time, consciously exercising dominion and control over it. *Florine*, 303 Minn. at 105, 226 N.W.2d at 611. These standards apply both to constructive possession of firearms and to constructive possession of controlled substances. *See State v. Willis*, 320 N.W.2d 726, 728–29 (Minn.1982) (applying *Florine* constructive-possession standards to firearm charges); *State v. Carr*, 311 Minn. 161, 162–63, 249 N.W.2d 443, 444–45 (1976) (applying *Florine* constructive-possession standards to controlled-substance charges). Here, Porter did not have exclusive access to the apartment where the firearm and the powder cocaine were found, so the second of the *Florine* standards applies. This standard for constructive possession is properly described in the text of both CRIMJIG 20.20 and CRIMJIG 32.21, which require a determination that a defendant "exercised dominion *and* control" over the item in question.

■ The instruction given by the district court on the firearm-possession charge materially misstated the law. By using the disjunctive "or" in the firearm-possession instruction, the court described a standard for finding constructive possession different from that required by *Florine*. And, contrary to the state's contention, we conclude that the error is not minor. Whether or not there is a substantive difference between "dominion" and "control," the instructions suggested to the jury that the standard for showing constructive possession of a firearm is lower than the standard for showing constructive possession of powder cocaine.

■ But a misstatement of the law in a jury instruction requires reversal only if the error was prejudicial. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 659–60 (Minn.1987). Such an error is prejudicial and a new trial is required only if it cannot be said beyond a reasonable doubt that the error had no significant impact on the verdict. *State v. Olson*, 482 N.W.2d 212, 216 (Minn.1992). Porter contends that the erroneous jury instruction is the only reasonable explanation for the jury's apparently conflicting verdicts on the firearm-possession and powder-cocaine-possession charges. We cannot say beyond a reasonable doubt that the erroneous jury instruction was not a significant factor in Porter's conviction of unlawful possession of a firearm. We conclude that the jury instruction prejudiced Porter and that he is entitled to a new trial.

**DECISION**

The district court's jury instruction defining constructive possession of a firearm materially misstated the law. Because we cannot say that, beyond a reasonable doubt, the erroneous instruction did not affect the jury's verdict, Porter is entitled

to a new trial.  *See Olson,* 482 N.W.2d at 216.

**Reversed and remanded.**