**Steven Hendricks BLONDHEIM, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7–97–974.**

Supreme Court of Minnesota.

Feb. 19, 1998.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED (1) that the petition of the State of Minnesota for further review of the Court of Appeals' decision filed December 9, 1997, be, and the same is, granted, and (2) that the Court of Appeals' decision reversing the order of the district court denying postconviction relief to defendant be, and the same is, reversed.

The state charged defendant with multiple counts of criminal sexual conduct in the first degree for sexually abusing a 12–year–old girl. Defendant's attorney negotiated a plea agreement whereby defendant was allowed to plead guilty to one count of criminal sexual conduct in the first degree. The parties agreed that the maximum departure would be 20 months over the 58–month presumptive sentence. The parties had an opportunity to put the plea agreement on the record and they advised the trial court about the agreement as to the length of the prison term to be imposed. The agreement did not speak to the matter of the mandatory minimum fine. At sentencing defense counsel did not claim that the trial court was barred from imposing a fine. Rather, defense counsel stated that the agreement did not speak to that issue and asked the court to waive a substantial part of the mandatory minimum fine. If a fine was somehow counter to the plea agreement, then defense counsel or defendant should have, and presumably would have, objected at that time. By entering an

---

agreement that did not speak to the matter of a mandatory minimum fine and by not actually objecting to the imposition of a fine at the time of sentencing, defendant is deemed to have waived his right to complain about it.

Accordingly, the court of appeals erred in concluding that defendant ought to be allowed to withdraw his guilty plea. The decision of the court of appeals is therefore reversed and the order of the district court denying postconviction relief to defendant is reinstated.

BY THE COURT:

/s/ <u>A.M. Sandy Keith</u>
A.M. (Sandy) Keith
Chief Justice