STATE of Minnesota, Respondent,

v.

Stephen John LUNDBERG, Appellant.

No. C9–97–1172.

Court of Appeals of Minnesota.

March 10, 1998.

Review Denied May 20, 1998.

Melissa V. Sheridan, Assistant State Public Defender, for appellant.

Hubert H. Humphrey, III., Attorney General, Robert A. Stanich, Assistant Attorney General, and Norman J. Loren, Kanabec County Attorney, for respondent.

Considered and decided by AMUNDSON, P.J., and SHORT and HARTEN, JJ.

## OPINION

SHORT, Judge.

After a bench trial, Stephen John Lundberg was convicted of one count of second-degree burglary and two counts of felony theft, for which the trial court imposed three concurrent sentences. On appeal, Lundberg argues: (1) his convictions were founded on insufficient evidence; and in the alternative (2) the trial court abused its discretion in sentencing.

## FACTS

"Rob's" is a steakhouse restaurant and lounge (steakhouse), located in Kanabec County. The Mora Jaycees lease space in the steakhouse to operate a pulltab booth. For several months, Lundberg's girlfriend worked at the steakhouse as the daytime manager and bartender. As the daytime manager, she knew that the steakhouse owner kept restaurant money in a salad preparation table after hours and that the Jaycees kept money in locked drawers in the booth and in boxes behind the bar, until collected by its gambling manager.

A dispute arose between the steakhouse owner and Lundberg's girlfriend, resulting in Lundberg making repeated threatening phone calls to the owner. After the dispute, Lundberg's girlfriend never returned to work. The steakhouse was subsequently burglarized and the owner estimated the burglar stole approximately $2,000 in cash and checks and caused $1,300 in property damage. The Jaycees' gambling manager estimated $5,300 was stolen from the pulltab boxes and drawers. Shortly after the burglary, police arrested Craig Conger (accomplice), who admitted both he and Lundberg were involved in the burglary. Pursuant to a search warrant, police found approximately $1,900 in cash, in small bills, hidden in a covered coffee can in Lundberg's garage.

Lundberg was arrested and charged with one count of second-degree burglary in violation of Minn.Stat. § 609.582, subd. 2(d) (1996), and two counts of felony theft in violation of Minn.Stat. § 609.52, subd. 2(1) (1996). A bench trial was held, at which Lundberg's accomplice testified that on the night of the burglary: (1) Lundberg asked him if he wanted to make some money; (2) he agreed and both men went to Lundberg's home; (3) at approximately 3:00 a.m., he drove Lundberg to the steakhouse and left him there; (4) Lundberg went to the side door of the steakhouse with a crow bar, and the accomplice drove away; (5) when he returned, Lundberg had a bag full of money; (6) the men returned to the accomplice's home, where Lundberg burned the stolen checks; and (7) Lundberg gave him $400 to $500. Lundberg was found guilty as charged

and sentenced to concurrent prison terms of 15 months for burglary, 13 months for theft, and 12 months and one day for the second theft conviction. Lundberg's convictions were stayed and he was placed on probation for a period up to 10 years, on condition that he serve 180 days in the county jail.

## ISSUES

I. Was the evidence sufficient to support Lundberg's convictions?

II. Did the trial court abuse its discretion in sentencing Lundberg?

## ANALYSIS

### I.

■ An accused may not be convicted of a crime on the uncorroborated testimony of an accomplice. Minn.Stat. § 634.04 (1996); *State v. Norris,* 428 N.W.2d 61, 66 (Minn. 1988). Corroboration is required because an accomplice's testimony is considered inherently untrustworthy, primarily because an accomplice may testify against the defendant in hopes of obtaining clemency. *State v. Harris,* 405 N.W.2d 224, 227 (Minn.1987). Corroborating evidence must link or connect the defendant to the crime. *Norris,* 428 N.W.2d at 66. However, it need not establish a prima facie case. *State v. Jones,* 347 N.W.2d 796, 800 (Minn.1984); *see also State v. Armstrong,* 257 Minn. 295, 309, 101 N.W.2d 398, 407 (1960) (concluding Minn. Stat. § 634.04 does not require state to produce corroborative evidence that by itself would be sufficient to sustain conviction). Instead, corroborating evidence is sufficient if it "restore[s] confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial way." *Norris,* 428 N.W.2d at 66–67. When evaluating the sufficiency of corroborating evidence of an accomplice's testimony, we view the evidence in the light most favorable to the state with all conflicts resolved in favor of the verdict. *Norris,* 428 N.W.2d at 66; *State v. Adams,* 295 N.W.2d 527, 533 (Minn. 1980).

■ Lundberg argues the evidence is insufficient to support his conviction because it is based solely on the accomplice's uncorrob-

orated testimony. However, the accomplice's testimony was amply corroborated. The record demonstrates: (1) prior to the burglary, Lundberg had visited the steakhouse several times to eat and visit his girlfriend, and the accomplice had never been to that steakhouse; (2) the burglar knew the steakhouse's money was hidden in a salad preparation table and the pulltab money was hidden in two different locations; (3) Lundberg's live-in girlfriend worked as the daytime manager and bartender at the steakhouse and knew where money was kept after hours; (4) although the burglar took $2,000 in cash and checks from the steakhouse's "secret hiding place" and took $5,300 from the pulltab booth and locked boxes, there was no sign of searching at the steakhouse; (5) Lundberg verbally abused and threatened the owner of the steakhouse because of the alleged "unjustified firing" of Lundberg's girlfriend; (6) a coffee can with a large amount of cash, in small bills, was found in Lundberg's garage; and (7) Lundberg initially lied to police officers about picking the accomplice up at his house on the night of the burglary. Viewing the evidence in the light most favorable to the verdict, the corroborating evidence restores confidence in the accomplice's testimony and points to Lundberg's guilt. Under these circumstances, Lundberg's convictions must be affirmed.

### II.

■ A trial court has broad discretion in sentencing, and will not be reversed absent a clear abuse of discretion. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). A sentencing court generally may not impose more than one sentence on a defendant who commits multiple offenses as part of a single behavioral incident. *See* Minn.Stat. § 609.035, subd. 1 (1996) (providing if defendant's conduct constitutes more than one offense, he may be punished for only one of the offenses); *State v. Eaton,* 292 N.W.2d 260, 266 (Minn.1980) (concluding purpose of Minn.Stat. § 609.035 is to limit punishment to one sentence for single behavioral incident). One exception to this sentencing limitation is the "court-created exception" for crimes against multiple vic-

tims. *State v. Gartland*, 330 N.W.2d 881, 883 (Minn.1983).

Although the burglary and the two felony thefts were committed as part of a single behavioral incident, the money stolen in one theft belonged to the steakhouse while the money stolen in the other theft belonged to the Mora Jaycees. Lundberg argues the trial court abused its discretion in sentencing him on the second theft charge because the multiple victim exception does not apply to property crimes.

The multiple victim exception was first developed in cases where the defendant committed violent offenses against more than one person. *See, e.g., State ex rel. Stangvik v. Tahash*, 281 Minn. 353, 359–61, 161 N.W.2d 667, 672–73 (1968) (holding separate sentences proper for separate murders intentionally inflicted on three victims). However, the supreme court has discussed the multiple victim exception in a number of cases involving property offenses, or a combination of property offenses and offenses against the person, without stating that the exception applies only to non-property offenses. *See State v. Schneider*, 402 N.W.2d 779, 790 (Minn.1987) (affirming imposition of consecutive sentences for convictions of burglary, kidnapping, and first-degree murder against different persons); *State v. Hodges*, 386 N.W.2d 709, 711 (Minn.1986) (holding multiple victim exception does not allow three burglary convictions merely because three people were present in house when it was burglarized, but noting burglary is not "purely a property offense," and sentences for other offenses committed within dwelling against other victims are permissible); *see also State v. Wipper*, 512 N.W.2d 92, 95 (Minn.1994) (holding multiple victim exception does not allow separate sentence for arson based solely on fact murder victim jointly owned house with two brothers). Because the multiple victim exception is not limited to crimes against the person, we cannot say the trial court abused its discretion in sentencing Lundberg on the two theft charges.

Lundberg also argues his sentence for the second count of theft should be vacated because it unfairly exaggerates the criminality of his conduct. *See State v. Bookwalter*, 541 N.W.2d 290, 294 (Minn. 1995) (concluding multiple sentencing allowed if there were multiple victims, as long as imposition of multiple sentences does not unfairly exaggerate criminality of defendant's conduct). After a careful review of the record and relevant case law, we conclude concurrent sentences that result in Lundberg serving approximately 180 days in jail for stealing approximately $2,000 in cash and checks from the steakhouse, causing approximately $1,300 in property damage at the steakhouse, and stealing approximately $5,300 from the pulltab operation that leased space in the steakhouse, do not unfairly exaggerate the criminality of Lundberg's conduct. *See State v. Cole*, 542 N.W.2d 43, 53 (Minn.1996) (concluding court looks to imposition of sentences in other cases to determine whether sentencing exaggerates criminality of defendant's conduct); *cf. Norris*, 428 N.W.2d at 71 (concluding consecutive application of five terms of 60 months each for total of 300 months, added to sentence of life imprisonment for murder in first degree, unfairly exaggerates criminality of defendant's conduct); *see, e.g., State v. Williams*, 337 N.W.2d 387, 389–90 (Minn.1983) (concluding consecutive sentences of 54 months for robbery convictions and concurrent 54-month term for burglary conviction did not unfairly exaggerate criminality of defendant's conduct when defendant confronted residents at home with guns, tied them up, threatened them, and robbed them); *Gartland*, 330 N.W.2d at 883 (concluding concurrent sentences of 18 and 23 months for criminal negligence did not unfairly exaggerate criminality of defendant's conduct when defendant intentionally drove car at outrageously high rate of speed in residential area knowing it was possible he might injure or kill innocent people).

This is not a case of a theft of funds kept in one location but commingled from various owners, where imposition of separate sentences for each victim might exaggerate the criminality of the criminal conduct. The two victims' monies were kept in different locations. Based on his knowledge of their operations, Lundberg separately targeted the

steakhouse and the pulltab operation. Under these circumstances, the trial court did not abuse its discretion by imposing separate, concurrent sentences.

## DECISION

There is sufficient evidence to support Lundberg's convictions because the corroborating evidence restores confidence in the accomplice's testimony and points to Lundberg's guilt. In addition, the trial court did not abuse its discretion by imposing separate, concurrent sentences for Lundberg's burglary and theft convictions.

**Affirmed.**