# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2765

———————

Jeffrey Robert Kissner,                  *
                                         *
        Plaintiff-Appellant,          *
                                         *   Appeal from the United States
    v.                                   *   District Court for the
                                         *   District of Minnesota.
Minnesota Department of Corrections,     *
                                         *       [UNPUBLISHED]
        Defendant-Appellee.           *

———————

Submitted:  October 20, 1999

Filed:  December 21, 1999

———————

Before WOLLMAN, Chief Judge, LAY, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Jeffrey Robert Kissner (Kissner) was convicted by a jury of three counts of criminal vehicular homicide and one count of criminal vehicular operation resulting in substantial bodily harm under Minnesota Statute § 609.21, subds. 1 and 2(a) (1998).[1]

———————————

[1]He was also found guilty of four misdemeanors: (1) careless driving in violation of Minnesota Statute § 169.13, subd. 2 (1998); (2) driving with an open bottle in violation of Minnesota Statute § 169.122, subd. 2 (1998); (3) driving without a seat belt in violation of Minnesota Statute § 169.686, subd. 1 (1998); and (4) transporting a child without a proper restraint in violation of Minnesota Statute § 169.685, subds. 5(a) and

He was sentenced to concurrent prison sentences of nineteen, fifty-eight, seventy-eight, and eighty-eight  months for the felonies.  The district court[2] denied his 28 U.S.C. § 2254 petition for a writ of habeas corpus, and, on appeal, he claims insufficiency of the evidence and a double jeopardy violation arising from the concurrent sentences.

The standard of review in habeas cases is normally a deferential one, as dictated by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1)-(2) (Supp. 1999) (AEDPA).  While Kissner urged this court to review the lower court's holding under the pre-AEDPA de novo standard of review, he recognized during oral argument that Long v. Humphrey, 184 F.3d 758 (8th Cir. 1999), articulates this court's standard for post-AEDPA cases.[3]  Applying the standard of review dictated by the AEDPA and Long, we find the evidence sufficient to uphold the conviction.

Kissner also challenges his concurrent convictions as a violation of double jeopardy, relying in part on Minnesota Statute § 609.035, subd. 1 (1998).[4]  As the

---

(b) (1998).

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, presiding.

[3]We adopted the Third Circuit's approach of analyzing the state court's decision "objectively and on the merits" and asking whether the decision "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent" when searching for an unreasonable application of federal law.  Long, 184 F.3d at 760. We note, however, that the Supreme Court has granted certiorari in a similar case, Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), *cert. granted*, 119 S. Ct. 1355 (April 5, 1999), to address this very issue.

[4]In the state appellate court, Kissner argued that his concurrent sentences violated Minnesota Statute § 609.035, subd. 1.  Subdivision one provides in pertinent part the following:

[I]f a person's conduct constitutes more than one offense under the laws

Supreme Court has explained, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Jones v. Thomas, 491 U.S. 376, 381 (1989) (citation omitted). The state appellate court recognized that Minnesota Statute § 609.035 has a similar goal, which is "to protect against exaggerating the criminality of a person's conduct." State v. Kissner, 541 N.W.2d 317, 322 (Minn. Ct. App. 1995) (citation omitted). Nonetheless, the state court rejected Kissner's double jeopardy claim, relying on the "multiple-victim exception" to § 609.035. This exception, which complies with the aforementioned goal of the statute, states that "a defendant who commits multiple offenses in a single behavioral incident may be sentenced to one sentence per victim so long as the multiple sentencing does not unfairly exaggerate the criminality of the defendant's conduct." State v. Gartland, 330 N.W.2d 881, 883 (Minn. 1983). The exception was first introduced in 1968 in State ex rel. Stangvik v. Tahash, 161 N.W.2d 667, 672 (Minn. 1968), and it has been implemented by Minnesota courts as recently as last year. See State v. Lundberg, 575 N.W.2d 589 (Minn. Ct. App. 1998); State v. Whittaker, 568 N.W.2d 440 (Minn. 1997). Given the long history of the exception and the fact that the legislature could negate the multiple-victim exception by passing contrary

> of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

MINN. STAT. § 609.035(1) (1998).

We note that a statutory violation claim is not the same as a double jeopardy claim. This is important because, in his direct appeal, Kissner only argued that the statute was violated. He did not bring his double jeopardy claim until his habeas petition. Therefore, an argument exists that this issue is procedurally barred. However, because this court specifically ordered the expansion of the certificate of appealability to include the double jeopardy issue, and because the "exhaustion rule is not a rule of jurisdiction," we will analyze the claim. Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (citation omitted).

legislation, we may assume that lawmakers accept it.  <u>See</u> <u>Barclays Bank PLC v. Franchise Tax Bd. of California</u>, 512 U.S. 298, 324-27 (1994) (stating that Congress' decision not to enact a bill barring the tax reporting method in question was evidence that Congress was willing to tolerate it).  Moreover, we find that the sentencing court did not impose a punishment greater than that intended by the legislature.  We, therefore, hold the concurrent sentences do not violate the Double Jeopardy Clause.

In conclusion, we affirm the district court on the issue of the sufficiency of the evidence, and hold that Kissner's convictions do not violate the Double Jeopardy Clause.  Judgment AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.