*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0170**

Jeffrey Charles Morris, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed September 15, 2014
Affirmed
Willis, Judge\***

Ramsey County District Court
File No. 62-CR-12-5590

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Sara R. Grewing, St. Paul City Attorney, Steven E. Heng, Assistant City Attorney, St.
Paul, Minnesota (for respondent)

        Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Willis,

Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**WILLIS**, Judge

In this postconviction appeal, appellant argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

## FACTS

On July 11, 2012, respondent State of Minnesota filed a citation charging appellant Jeffrey Charles Morris with misdemeanor theft, alleging that he took a box of candy from a Walgreens store. On the same day, Morris reached a plea agreement with the state. In exchange for Morris's guilty plea, the prosecutor requested that the district court sentence Morris to 90 days in jail, with 60 days suspended, and issue an order requiring Morris to stay away from the store where the offense occurred.

Morris pleaded guilty to the charge, and the district court accepted his plea. The district court sentenced Morris to serve 90 days in jail, but stayed execution of the sentence based on several conditions, including that Morris serve 30 days in jail and stay away from the store where he committed the theft. In addition, the district court imposed a $500 fine, but stayed $450 of that fine, and ordered Morris to pay court costs and the public-defender fee. Morris did not object to his sentence. The court administrator imposed the following court costs: a $1 Ramsey County surcharge, a $75 criminal surcharge, and a $5 law-library fee, for a total of $81. The warrant of commitment that the district court signed waives the $75 public-defender fee, and the state has not tried to collect that fee.

In July 2013, Morris filed a petition for postconviction relief requesting to withdraw his guilty plea. He argued that the terms of the plea agreement did not include an agreement to pay a fine or court costs. The district court denied the petition, determining that it did not have the authority under the applicable statutes to reduce the amount of the fine to less than $50 or to waive the court costs. This appeal follows.

## D E C I S I O N

This court reviews a district court's ultimate decision to deny postconviction relief for an abuse of discretion. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004). Generally, the "scope of review is limited to the question of whether sufficient evidence exists to support the postconviction court's findings." *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). But we review issues of law de novo. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). Because the validity of a guilty plea is a question of law, we apply de novo review. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A defendant may withdraw a guilty plea at any time, even after sentencing, if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A guilty plea is valid if it is voluntary, accurate, and intelligent. *Perkins*, 559 N.W.2d at 688. It is the defendant's burden to show that his guilty plea was invalid. *Raleigh*, 778 N.W.2d at 94.

Morris argues that his guilty plea was not voluntary or intelligent because the imposition of the fine and court costs was not contemplated by the plea agreement. In

response, the state contends that Morris waived his right to object because he did not do so at the time he was sentenced.

We agree with the state that Morris waived his right to object to the imposition of $50 of the statutorily required $500 fine. *See* Minn. Stat. § 609.52, subd. 3(5) (2012) (providing that a district court may not impose a fine of more than $1,000 when the value of the property stolen is $500 or less); Minn. Stat. § 609.101, subds. 4(2) (requiring the district court to impose a fine of not less than 30% of the maximum fine authorized by law on a person convicted of a misdemeanor), 5 (2012) (stating that the district court may not waive payment of the minimum fine but may reduce it to not less than $50 in certain circumstances). The Minnesota Supreme Court has held that a defendant waives his right to complain about the district court's imposition of a fine at the time of sentencing when the defendant entered into an agreement that did not speak to the matter of a mandatory minimum fine and did not object to the imposition of a fine at the time of sentencing. *Blondheim v. State*, 573 N.W.2d 368, 368-69 (Minn. 1998). Here, although the plea agreement did not specifically address the imposition of a fine, Morris did not object to the fine when the district court imposed it as part of his sentence.

We further conclude that Morris waived his right to object to the imposition of the court costs because, like the fine, the district court is required by statute to impose them, and Morris did not object when the district court sentenced him. *See* Minn. Stat. § 357.021, subd. 6(a), (c) (2012) (requiring the district court to impose a $75 criminal surcharge and a $1 Ramsey County surcharge, and stating that the district court may not

4

waive payment of those surcharges); Minn. Stat. § 134A.09, subd. 2a (2012) (requiring the district court to impose a $5 law-library fee).

Finally, we note that although the district court stated at the sentencing hearing that it was imposing a public-defender fee, the warrant of commitment that the district court signed waives that fee, and the state has not tried to collect it. Although the parties have not specifically raised the public-defender fee issue on appeal, we address it here because an orally pronounced sentence controls over a written order if the two conflict. *See State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002).

Under Minn. Stat. § 611.17(c) (2012), a defendant who is represented by a public defender "shall" pay the district court a $75 copayment, unless the district court reduces in part or waives the fee. *See State v. Craig*, 807 N.W.2d 453, 472 (Minn. App. 2011) (stating that the $75 public-defender copayment is "mandatory"), *aff'd*, 826 N.W.2d 789 (Minn. 2013). Here, the district court imposed the fee required by statute, and Morris did not request that the district court reduce or waive the public-defender fee. Therefore, he waived his right to object to the imposition of the $75 public-defender fee.

Because we conclude that Morris waived his objection to his sentence, we do not address Morris's argument, based on the sentencing issue, that his plea was not intelligent or voluntary.

**Affirmed.**